**GUO MOU LI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 07–5405–ag.**

United States Court of Appeals, Second Circuit.

Sept. 23, 2008.

Douglas B. Payne, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Linda S. Wendtland, Assistant Director; Joan H. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Guo Mou Li, a native and citizen of the People's Republic of China, seeks review of a November 7, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Guo Mou Li,* No. A 70 901 706 (B.I.A. Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of motions to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

Here, The BIA did not abuse its discretion in denying Li's motion to reopen as untimely. *See Kaur,* 413 F.3d at 233. In addition, the BIA did not abuse its discretion in denying Li's motion as a matter of discretion, irrespective of whether it fell within an exception to the time limitation for motions to reopen. As the Supreme Court has held, the Board "has discretion to deny a motion to reopen even if the [party moving] has made out a *prima facie* case for relief." *See INS v. Abudu,* 485 U.S. 94, 105–06, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that "in cases in which the ultimate grant of relief is discretionary," the agency may jump ahead and determine that the movant would not be entitled to discretionary relief). We review the BIA's discretionary denial of a motion for abuse of discretion. *See id.* at 105, 108 S.Ct. 904 (reiterating that the Supreme Court has "consistently held" that denials based on the discretionary nature of the underlying relief are subject to an abuse of discretion standard). In that regard, Li argues that the IJ did not expressly make an adverse credibility determination. However, the IJ's analysis was based substantially on credibility-related findings concerning the plausibility of Li's account, his demeanor, inconsistencies between his testimony and documentation, as well as the omission from his initial asylum application of his wife's alleged forced sterilization. Thus, we construe the IJ's decision as having disposed of Li's underlying claim on credibility grounds. *See Zaman v. Mukasey,* 514 F.3d 233, 237–38 (2d Cir.2008). Li never sought review of the BIA's decision affirming that determination.

In light of this credibility finding, and the fact that Li offered no explanation as to how his wife gave birth to a third child when, by his testimony, she had been forcibly sterilized, the BIA appropriately declined to grant his motion to reopen in the exercise of discretion. *See Abudu,* 485 U.S. at 105–06, 108 S.Ct. 904; *INS v.*

*Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Accordingly, the BIA properly denied Li's motion and provided adequate reasoning for doing so. *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).